# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARVIN RHODEN, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>GARY BUNDREN, ERNIE THOMPSON, )<br>and JOHN DOE THOMAS, )<br>)<br>Defendants. ) | Case No. 04-cv-939-JPG |

## MEMORANDUM AND ORDER

**GILBERT, Judge:**

This is an action pursuant to 42 U.S.C. §1983 brought by an Illinois inmate incarcerated at the Tamms facility. He has sued Bundren, Thompson, and a John Doe with the last name of Thomas claiming violations of his Eighth and Fourteenth Amendment rights for failing to provide him with bedding, shoes, and clothing. He also alleges that harsh conditions at the prison have aggravated his health problems, to wit, a lung infection and open sores on his feet. He seeks declaratory, monetary, and injunctive relief.

Defendants have filed motions for summary judgment which are presently before the Court (Doc. Nos. 22, 23). Plaintiff filed a "Motion to Suspend Defendants' Summary Judgment" (Doc. No. 25) on August 22, 2007. That filing was construed as a response to the defendants' present motion. It should also be noted that to the extent plaintiff's filing could have been construed pursuant to Rule 56 (f), it would be denied. Plaintiff's inability to access his "legal file" would have no bearing on his ability to defend the present motion.

Summary judgment is proper if the pleadings, discovery responses, and other sworn materials demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56( c ). An issue of material fact exists only if "the

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All inferences must be drawn in favor of the non-movant . . . here, the plaintiff. *Bartman v. Allis-Chalmers Corp.*, 799 F.2d 311, 312 (7th Cir. 1986). Summary judgment is not only permitted, it is required if no material issues of fact remain, and the party against whom judgment is sought fails to make a showing sufficient to establish an element of that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The Eight Amendment prohibits conditions of confinement which involve the unnecessary and wanton infliction of pain. *Rhodes v. Champman*, 452 U.S. 337, 346 (1981). The Constitution does require comfortable prisons, however, and even harsh conditions may pass Eighth Amendment scrutiny. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Only those deprivations of the minimal civilized measure of life's necessities are sufficiently grave to violate the Eighth Amendment. *Id.*, at 834. Prison officials, such as the present defendants, are liable for violations only when it is shown that they possess requisite knowledge and intent to cause gratuitous suffering. *Id.,* at 837. The official must know about the offensive conditions and disregard excessive risk to the inmate's health and safety. *Id.*

Plaintiff has not specifically alleged exactly how the failure to issue him adequate bedding, clothing, and shoes has violated his constitutional rights or caused him harm. Bedding, clothing, and shoes protect one from extreme heat or cold. Prisoners have a right to protection from the elements, including extreme temperatures. *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir. 1996). Factors to be considered include: the severity of the cold, the duration of the cold, whether the prisoner has alternative means to protect himself from the cold, the adequacy of such alternatives, and whether the prisoner must endure other uncomfortable conditions as well as cold. *Dixon v.*

*Godinez*, 114 F.3d 640, 44 (7th Cir. 1997).

Inmates who have been successful in pursuing Eighth Amendment claims related to cold exposure have been exposed to extremely cold temperatures for long periods of time or have had no other means of warming themselves. *Id.* at 643.

Inmates at Tamms, the Illinois Supermax facility, are housed in pods. The indoor temperature at Tamms is controlled by a Building Automation System (BAS) which ensures that the indoor temperature in the pods remains between 68 and 78 degrees Farenheit. Darren Baggot, the Chief Engineer at Tamms, has submitted his affidavit in support of defendants' motion. His affidavit establishes that from June, 2004-December, 2004, the relevant times in plaintiff's complaint, the temperatures for F pod, plaintiff's residence, ranged from an average high of 76.04 degrees in July to an average low of 70.5, recorded in November. The average temperature for F pod from June-December, 2004, was 74.34 degrees.

The only factual or legal conclusion which can be drawn is that the ambient temperature inside the Tamms Correctional Facility falls well within a constitutionally acceptable range. Plaintiff does not allege he was denied all bedding or all clothing. He does not tie together how his lung infection or leukemia (mentioned in one filing) have suffered by the clothing and bedding issued to him. There is no thermally based harm here, and, therefore, no foul.

As for his feet, defendant alleges that he suffers from athlete's foot. This is not an uncommon problem. His condition is verified by Terry Caliper, the Healthcare Unit Administrator at Tamms, when her affidavit was filed. Ms. Caliper is also a registered nurse. She states that plaintiff has a history of athlete's foot. His medical records indicate that he was treated for athlete's foot on February 13, May 13, July 24, August 12, October 15, and December 18, all in 2004. She

opines that a lack of shoes would not worsen athlete's foot. She also states that he failed to follow doctor's orders for treating athlete's foot which caused his situation to worsen.

It is extraordinarily doubtful that the Constitution's framers had athlete's foot in mind (other than their own, perhaps) when the Eighth Amendment was penned. Whether athlete's foot could ever form the basis for an Eighth Amendment lawsuit is also doubtful, but need not be addressed here. Plaintiff has no means of establishing that his alleged lack of shoes has either caused or contributed in any large manner to his condition. Ms. Caliper has opined that a lack of shoes would not worsen athlete's foot. In any event, the important evidence is that plaintiff was actually treated for his condition on several occasions in 2004. There is no evidence that he was deliberately ignored and allowed to suffer gratuitous pain (and itching) or that anything he has alleged caused him to endure undue suffering at the hands of defendants who not only perceived his agony but permitted it to continue for the very purpose of causing unnecessary discomfort.

Finally, the John Doe defendant is also dismissed pursuant to Fed. R. Civ. P. 4(m). The service period for him expired during September, 2006, and no extension was requested. Further, the reasons for entering summary judgment in favor of the other defendants would apply to the John Doe.

For the foregoing reasons, the motions for summary judgment are GRANTED. The Clerk is directed to enter judgment in favor of defendants Gary Bundren, Ernie Thompson, and John Doe (surname Thomas), and against plaintiff on all claims.

**IT IS SO ORDERED.**
**DATED: March 19, 2008**

            s/ J. Phil Gilbert
            **J. PHIL GILBERT**
            **DISTRICT JUDGE**